The Deputy Commissioner found that, "In [the] absence of medical evidence to support plaintiff's testimony that he had gradual progressive symptoms of low back pain over approximately two years following the [compensable] 12 July 1991 injury", he had failed to prove a connection between it and surgery on May 24, 1993. Plaintiff argues that the record of a prescription for Norflex (a drug used to relieve musculoskeletal pain) by Dr. Garrison on April 28, 1992 is evidence that he did have serious back pain during this interval. Dr. Garrison apparently was not asked about it for this record. However, Dr. Garrison noted on March 4, 1993 that plaintiff had told him his July, 1991 back "problem never resolved[,] but he has not discussed that with me during the meantime", and later wrote that he had been "surprised" by this statement. It also appears that this prescription could have been related to problems with his plaintiff's right hand that eventually resulted in carpal tunnel release surgery. Dr. Garrison had seen him for "numbness and tingling in the right hand for the past month" on October 27, 1992, and referred him to Dr. Bolstad. On November 12, 1992, Dr. Bolstad noted complaints of "about a one month history of some numbness", and that the "only injury [plaintiff] recalls was a few months ago when he fell and was sore . . . for a few days." Consequently, there is no good ground to disagree with the findings of the Deputy Commissioner, made with the advantage of firsthand evaluation of the witness.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner and in an executed Pre-Trial Agreement dated 19 September 1994, as:
STIPULATIONS
1. On 12 July 1991, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer, resulting in a strain in his low back and pain down his right leg.
2. At such time, defendant-employer was self-insured with Sedgwick James of the Carolinas as servicing agent.
3. At such time, plaintiff's average weekly wage was $359.15.
4. Medical records from Dr. Garrison, Dr. Bolstad, Dr. Busby, Dr. Whitehurst and Thomasville Physical Therapy are received into evidence.
****************
Based upon all of the competent, credible evidence adduced from the record and the reasonable inferences therefrom, the Full Commission makes the following
FINDINGS OF FACT
1. Plaintiff, who was 39 years old on the date of the injury by accident, began working as a deputy sheriff for defendant-employer four years prior to 12 July 1991. Plaintiff's duties included going on patrol and investigating crimes. Subsequent to 12 July 1991, plaintiff was reassigned to CID office duty and held a detective position.
2. On 12 July 1991, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when he fell while jumping over a fence in pursuit of two suspects. As a result of his compensable injury, plaintiff had pain in his low back with sciatica pain down his right leg which was treated by Dr. Garrison with medication. Plaintiff remained out of work for three days and returned to work without restrictions on 25 July 1991. Plaintiff's low back strain with radicular pain down the right leg resulting from the 12 July 1991 injury by accident had healed and resolved prior to the new onset of low back pain with radicular pain down the left leg that occurred in March of 1993.
3. Following plaintiff's return to work on 25 July 1991, plaintiff was essentially asymptomatic until 4 March 1993 when he returned to Dr. Garrison for complaints of lumbar strain. Subsequently, on 22 March 1993, plaintiff was seen by Dr. Busby with complaints of low back pain and pain radiating to the left buttock and down the left leg to the proximal calf area. Plaintiff underwent x-rays and was treated with medication.
4. On 8 April 1993, a CT scan was performed which revealed a herniated disc. On 24 May 1993, plaintiff underwent a hemilaminectomy and discectomy at L5-S1. Plaintiff remained out of work as a result of this surgery until returning to work on 21 June 1993 at the same or greater average weekly wage he was earning at the time of the 12 July 1991 injury by accident. Plaintiff sustained a 15% permanent partial impairment to his back as a result of his herniated disc and resulting surgery.
5. Prior to the 12 July 1991 accident, plaintiff was involved in automobile accident (s) resulting in complaints to Dr. Garrison of continuing intermittent low back pain on 18 October 1990 and "intermittent back pain" on 4 April 1991. Plaintiff was essentially asymptomatic between July of 1991 and March of 1993, during which time he did not complain of back pain to Dr. Garrison or to Dr. Bolstad. On 22 March 1993, when plaintiff was seen by Dr. Busby for complaints of low back pain, he complained of pain radiating to the left buttock and down the left leg to the proximal calf area rather than radiation to his right leg which had been his complaint at the time of the 12 July 1991 injury by accident.
6. In the absence of medical evidence to support plaintiff's testimony that he had gradual progressive symptoms of low back pain over the approximately two years following the 12 July 1991 injury by accident, and in light of the Deputy Commissioner's evaluation of the witness, plaintiff's testimony concerning the same is not accepted as credible.
7. There is insufficient evidence of record from which to determine by its greater weight that the 12 July 1991 injury by accident caused, contributed to, resulted in, or materially aggravated plaintiff's herniated disc operated on in March, 1993. Dr. Busby's opinion to the contrary is afforded limited weight in that it was based on a limited and inaccurate medical history.
8. Plaintiff's complaints of low back pain and left leg radicular pain of March 1993, the resulting surgery of 24 May 1993, and the 15% resulting impairment rating are not the direct and natural result of plaintiff's 12 July 1991 injury by accident.
****************
The foregoing findings of fact and conclusions of law engender the following
CONCLUSIONS OF LAW
1. On 12 July 1991, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. However, the 12 July 1991 injury by accident did not result in the plaintiff's March 1993 complaints of low back pain and left radicular pain, or the eventually diagnosed herniated disc, resulting in the 24 May 1993 surgery, and the impairment rating of 15% of the back. N.C. Gen. Stat. § 97-2
(6).
2. Plaintiff's claim for further compensation and medical compensation benefits must be denied under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2
(6).
****************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. Under the North Carolina Workers' Compensation Act, plaintiff's claim must be, and the same is, hereby DENIED.
2. Each side shall pay its own costs, except that defendants shall pay expert witness fees in the amount of $150.00 to Dr. William J. Busby and $425.00 to Dr. Lee A. Whitehurst.
 S/ _________________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________________ LAURA K. MAVRETIC COMMISSIONER
JRW:md